IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin A. Tolliver, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:06-cv-00904 |
| | : | |
| Liberty Mutual Fire | : | JUDGE MARBLEY |
| Insurance Company, | : | |
| | : | MAGISTRATE JUDGE KEMP |
| Defendant. | : | |

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17). Also pending before the Court are Plaintiff Kevin Tolliver's Motion to Consolidate Cases (Doc. 8), Motion to Strike Defendant's Response to Plaintiff's Motion to Consolidate Under One Judge (Doc. 18), Motion for Leave to Amend Complaint in Case of <u>Rooker-Feldman</u> Bar (Doc. 20), Motion to Strike Motion for Leave to Amend Complaint in Case of <u>Rooker-Feldman</u> Bar (Doc. 24), and Motion for Extension of Time (Doc. 25). For the following reasons, the Court recommends that Liberty Mutual's Motion to Dismiss Plaintiff's Amended Complaint be denied. Because of this recommendation, Mr. Tolliver's Motion to Consolidate Cases (Doc. 8), Motion to Strike Defendant's Response to Plaintiff's Motion to Consolidate Under One Judge (Doc. 18), and Motion for Leave to Amend Complaint in Case of <u>Rooker-Feldman</u> Bar (Doc. 20) are moot. The Court also recommends that Mr. Tolliver's Motion to Strike Motion for Leave to Amend Complaint in Case of Rooker-Feldman Bar (Doc. 24) be granted and Motion for Extension of Time (Doc. 25) be denied.

I.

Plaintiff, Kevin Tolliver, is an inmate at the Ross Correctional Institution in Chillicothe, Ohio. However, this

case does not arise out of his imprisonment. Rather, Mr. Tolliver alleges that his belongings were stolen from his fiancee's apartment on 100 North Street at some point during his arrest and incarceration at that address. These belongings were covered under an insurance policy purchased by him and his mother and issued by defendant Liberty Mutual.

Mr. Tolliver presented a claim to Liberty Mutual for the value of the goods allegedly stolen. Liberty Mutual denied the claims on the basis that Mr. Tolliver had misrepresented where he actually lived. Mr. Tolliver appears to have previously sued Liberty Mutual in Ohio state court. In this case, however, at least in his amended complaint, Mr. Tolliver has raised different claims, including fraud, bad faith, abuse of process, a lack of fair dealing, and malicious prosecution, based on the fact that 1) Liberty Mutual allegedly made false statements to the Ohio Department of Insurance; 2) Liberty Mutual refused to cooperate in discovery in the prior state court litigation; and 3) Liberty Mutual used a "malicious" litigation strategy despite knowledge of the "erroneous nature of their [sic] denial." (Amend. Compl. at 2, 9-12).

Liberty Mutual filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It asserts that under the Rooker-Feldman doctrine, this Court lacks subject-matter jurisdiction. Thereafter, Mr. Tolliver filed a motion for leave to amend his complaint in the event that the Court found that Rooker-Feldman did bar Mr. Tolliver's claims. Mr. Tolliver subsequently filed a motion to strike his own motion for leave to amend. The motion to dismiss is now fully briefed and ripe for adjudication.

II.

Liberty Mutual's motion to dismiss was filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Sixth Circuit Court of Appeals

has distinguished between facial and factual attacks among motions to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). <u>Pritchard v. Dent Wizard Intern. Corp.</u>, 210 F.R.D. 591, 592 (S.D. Ohio 2002). A facial attack on subject-matter jurisdiction merely questions the sufficiency of the pleading. <u>Ohio Nat. Life Ins. Co. v. U.S.</u>, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, the trial court must regard the allegations in the complaint as true, just as it does when ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. <u>Id.</u>

A motion to dismiss under Rule 12(b)(6), however, requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. <u>Meador v. Cabinet for Human Resources</u>, 902 F.2d 474, 475 (6th Cir.1990), <u>cert. denied</u>, 498 U.S. 867, 111 S. Ct. 182, 112 L. Ed.2d 145 (1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." <u>Columbia Natural Res., Inc. v. Tatum</u>, 58 F.3d 1101, 1109 (6th Cir.1995); <u>see also</u> <u>Chapman v. City of Detroit</u>, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings"). In the instant case, Liberty Mutual's motion is a facial attack because it only appears to attack the sufficiency of the pleadings, despite its invocation of 12(b)(6) in addition to 12(b)(1). Thus, the Court assumes the truth of Mr. Tolliver's allegations for purposes of ruling on the motion.

III.

Generally, the <u>Rooker-Feldman</u> doctrine is based on two cases

3

arising out of the United States Supreme Court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). The first, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) was brought by plaintiffs seeking a declaratory judgment in federal court to overturn the decision of the Indiana state courts concerning a particular state statute. The plaintiffs claimed federal jurisdiction on the basis that the state court's erroneous decision violated the Contract Clause as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Rooker, 263 U.S. at 415-16. In the second case, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), several non-ABA law school graduates filed an action in the local courts for the District of Columbia challenging the validity of the District of Columbia's rule that non-ABA law school graduates were denied admission to the District of Columbia's bar without exception and were prohibited from sitting for the District of Columbia's bar examination. Feldman, 460 U.S. at 465-468. The plaintiffs lost the appeal and sought to challenge the decision in the District Court for the District of Columbia, claiming violations of the Fifth Amendment and of the Sherman Act. Id. at 468-69.

    The Court emphasized in Rooker and in Feldman that only the United States Supreme Court can reverse or modify a state court judgment, and that federal district courts may only exercise original, not appellate jurisdiction. See Exxon Mobil Corp., 544 U.S. at 283. Since the complaints in those cases effectively asked the district court to correct alleged errors in the state court or local court proceedings, the district courts simply lacked jurisdiction to do so. Furthermore, in Feldman, the Supreme Court rejected the plaintiffs' challenge in part because it found the issues they had raised in the federal suit were "inextricably intertwined" with the ones presented to the local

4

court.  Feldman, 460 U.S. at 486-87.  Thus, if a case appeared to fall within the limits of this doctrine, a federal court could dismiss the case based on a lack of subject-matter jurisdiction.  See id. at 283-84.

In recent years, through various opinions at the District Court and Court of Appeals levels, the scope of the Rooker-Feldman doctrine expanded far beyond the two limited cases described above.  The doctrine was seen as almost synonymous with the doctrines of claim and issue preclusion.  Id. at 283 (Rooker-Feldman had been extended "far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738").  Prior to Exxon Mobil Corp. v. Saudi Basic Industries Corp., federal courts interpreted the Rooker-Feldman doctrine to bar suits filed in federal court whenever such suits presented issues which were "inextricably intertwined" with the issues in a case filed in a pending or previously resolved state suit, by the same plaintiff(s) or those in privity with the plaintiff(s).  See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp., 364 F.3d 102, 106 (3d Cir. 2004); Lance v. Dennis, 546 U.S. 459, 126 S. Ct. 1198, 1202 (2006) (explaining how federal courts mistakenly conflated preclusion doctrine, which may bar a nonparty or nonparties in privity with the original party or parties from bringing suit in federal court after resolution of the case in state court, with the Rooker-Feldman doctrine, which is only a bar to the original party or parties in the state suit).

Exxon Mobil, however, heralded a return to Rooker-Feldman's original and limited scope.  See Exxon Mobil Corp., 544 U.S. 280.  In Exxon Mobil, the Saudi Basic Industries Corp. (SABIC) sued two subsidiaries of Exxon Mobil in the Delaware Superior Court in

5

July 2000, seeking a declaratory judgment. Two weeks later, Exxon Mobil and its subsidiaries filed an action against SABIC in the United States District Court for the District of New Jersey. More than a year later, Exxon Mobil incorporated those same claims into a counterclaim filed in the state court action. That case then went to trial, and a verdict was returned in Exxon Mobil's favor.

Prior to the commencement of the trial in the Delaware Superior Court, SABIC moved to dismiss the federal suit in the New Jersey district court based on immunity under the Foreign Sovereign Immunities Act of 1976. Id. at 289-90. The district court denied the motion to dismiss and SABIC filed an interlocutory appeal in the Court of Appeals for the Third Circuit.

Based on the fact that the state court case had been reduced to judgment (although that judgment had been appealed), the Court of Appeals raised the issue of whether the federal suit should be dismissed for lack of subject-matter jurisdiction. The Court of Appeals reasoned that if SABIC won on appeal in the Delaware Supreme Court, Exxon Mobil might attempt to use the federal court case to overturn the state court judgment. This, the Court of Appeals reasoned, was prohibited by "Rooker-Feldman's 'inextricably intertwined' bar." Id. at 291 (citation omitted).

The Supreme Court reversed the decision of the Third Circuit Court of Appeals. The Rooker-Feldman doctrine, the Court concluded, is not meant to be a substitute for various preclusion doctrines. Instead, it is a limited doctrine which only serves to bar those rare cases which involve "state-court losers complaining of injuries rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. Furthermore, a plaintiff in a federal suit, either preceding or following the

6

filing (and even the resolution) of a state court suit, may present an "independent claim." Id. at 293 (citations omitted). Such suits are not barred by the Rooker-Feldman doctrine, even if the claims presented in the federal suit would "den[y] a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party." Id. at 292-93.

Following Exxon Mobil, the Court of Appeals for the Sixth Circuit has sought to illustrate further the difference between a case which would be barred by the Rooker-Feldman doctrine and one which would not. See Abbott v. Michigan, 474 F.3d 324 (6th Cir. 2007). In that case, the court explained that a parent whose parental rights are terminated and who then sues in federal court on the grounds that the state court violated his federal substantive due-process rights as a parent would be barred from suing because he would be alleging injury from a state court decision. Id. at 328-31. On the other hand, an employee who sues an employer in state court for violations of state and federal anti-discrimination law, and then brings the same suit in federal court, would not be barred by the Rooker-Feldman doctrine because the plaintiff would not be alleging injury from the state court's decision. Id.; cf. Thomas v. Eby, _ F.3d _ (6th Cir. 2007) (finding case not barred by Rooker-Feldman because plaintiff complained of injury in federal suit based on alleged retaliation, rather than from injury because state court dismissed original suit). Such a claim might be barred due to claim or issue preclusion, but the district court would still have jurisdiction to hear the case. Thus, it is clear that a federal suit involving claims also being litigated (or which were litigated) in a state court may not be dismissed on jurisdictional grounds simply because those claims are "inextricably intertwined" with the issues raised in state court. But see Thomas D. Rowe, Jr. & Edward L. Baskauskas, "Inextricably

7

Intertwined" Explicable at Last? Rooker-Feldman Analysis After the Supreme Court's Exxon Mobil Decision, 1 Fed. Courts L. Rev. 367, 373, 377-82 (2006) (suggesting that "inextricably intertwined" no longer a threshold question for issues, but holding out the possibility that this analysis may still be relevant where Rooker-Feldman doctrine only partially applicable).

In this case, Liberty Mutual asserts that Mr. Tolliver's federal claims, although different from the ones he asserted in state court, are "inextricably intertwined" with his prior suit and are thus barred by the Rooker-Feldman doctrine.  It asserts that because Mr. Tolliver has brought "inextricably intertwined" claims, this Court would, if it ruled in his favor, necessarily review and possibly overturn the judgment of the state court, an act which the Court is without jurisdiction to perform.

Although Mr. Tolliver is a "state-court loser," he has not sued in this Court claiming any injuries caused as a result of the state court's rulings.  Instead, Mr. Tolliver claims, inter alia, injury from Liberty Mutual's "malicious prosecution," refusal to cooperate in the state suit, and fraud.  These claims are not injuries from the state court's decision itself.  Instead, they are injuries claimed as a result of Liberty Mutual's conduct in the prior lawsuit.  In fact, in his amended complaint, Mr. Tolliver explicitly states that this federal case is a "new suit based upon fraud . . . and is not a continuation of that same case." (Pl's Amended Compl., at 3).  Additionally, in his supplemental brief, he also states that he "is not challenging any decision or ruling by the State Court." (Supplemental Brief, at 2).

As explained above, the Rooker-Feldman doctrine will not bar a suit absent a claim of injury resulting from the state court decision, even if the claims are "inextricably intertwined."  See

8

Abbott, 474 F.3d at 328-29. Thus, Mr. Tolliver's case falls outside the limited scope of the Rooker-Feldman doctrine because Mr. Tolliver has made no such claims of injury. His complaint does not fail for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine, and therefore cannot be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In addition, Liberty Mutual gives no further detail as to why Mr. Tolliver's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6). Thus, Mr. Tolliver's Amended Complaint also does not fail under Fed. R. Civ. P. 12(b)(6).

IV.

The Court now turns to the other pending motions. First, Mr. Tolliver's Motion for Leave to Amend Complaint is based solely on whether Liberty Mutual's motion to dismiss succeeds. (Doc. 20). Thus, because the Court recommends that the motion to dismiss be denied, the motion to amend is moot. However, Mr. Tolliver himself has recognized that the motion was procedurally improper in his Motion to Strike Motion for Leave to Amend Complaint in Case of Rooker-Feldman bar (Doc. 24). Thus, his motion to strike his prior motion should be granted.

Second, plaintiff's Motion to Consolidate Cases is based on his claim that both cases are interrelated and for reasons of judicial economy. However, his other case has already been dismissed. Thus, Mr. Tolliver's motion is moot. In addition, his Motion to Strike Defendant's Response to Plaintiff's Motion to Consolidate Under One Judge is also moot.

Finally, Mr. Tolliver need not file any further briefs on this particular issue because the Court recommends that Liberty Mutual's Motion to Dismiss be denied. Therefore, his Motion for Extension of Time (Doc. 25) will be denied.

V.

Based on the foregoing, the Court RECOMMENDS that

Defendant's Motion to Dismiss (Doc. 17) be DENIED.  Subsequently, Plaintiff's Motion for Leave to Amend Complaint (Doc. 20), Motion to Consolidate Cases (Doc. 8) and Motion to Strike Defendant's Response to Plaintiff's Motion to Consolidate Under One Judge (Doc. 18) are MOOT.  Finally, the Court RECOMMENDS that Plaintiff's Motion to Strike Motion for Leave to Amend Complaint in Case of Rooker-Feldman Bar (Doc. 24) be GRANTED and the Motion for Extension of Time (Doc. 25) be DENIED.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge