IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin Tolliver,                          :

    Plaintiff,                       :

  v.                                     :      Case No. 2:06-cv-0904

Liberty Mutual Fire Ins. Co.,            :      JUDGE MARBLEY

    Defendant.                       :

<u>ORDER</u>

On April 12, 2007, the Magistrate Judge issued a Report and Recommendation recommending that the defendant's motion to dismiss be denied.  Objections have been filed.  After a *de novo* review of those objections, the Court overrules the objections, adopts the Report and Recommendation, and denies the motion to dismiss.

I.

The basic facts relating to this matter are set forth in the Report and Recommendation of April 12, 2007, and will not be repeated here.  Essentially, plaintiff, Kevin A. Tolliver, a state prisoner, previously litigated in the state courts some legal issues with his insurer, Liberty Mutual Fire Insurance Company, concerning a property loss claim which occurred at an apartment rented by Mr. Tolliver's fiancee, whom he has since been convicted of murdering.  The state court case was dismissed because Mr. Tolliver was in prison and failed to appear for a scheduled trial.  The dismissal was upheld on appeal, and it appears that the state court proceedings are now final.

Mr. Tolliver's complaint in this case raises additional claims against Liberty Mutual.  Liberty Mutual asserted in its motion to dismiss that because, if the Court were to rule in Mr.

Tolliver's favor on these claims, it would, in effect, be reversing the state court's judgment against Mr. Tolliver, this court lacks jurisdiction to hear his complaint under the Rooker-Feldman doctrine.  The Magistrate Judge disagreed.  For the following reasons, and after reviewing the issue *de novo*, the Court concludes that the Magistrate Judge's legal ruling was correct.

II.

Liberty Mutual, in its objections, acquiesces in the statement of legal principles contained in the Report and Recommendation.  Consequently, the Court will not repeat the discussion which occurs on pages three through eight of the Report and Recommendation.  Liberty Mutual claims that the Magistrate Judge simply misapplied the Rooker-Feldman doctrine to the facts of this case.

In support of its argument, Liberty Mutual relies upon a number of cases which, with one exception, are unreported decisions from Courts of Appeals other than the Sixth Circuit or District Court cases outside of this circuit.  See defendant Liberty Mutual Fire Insurance Company's objection at 6.  Most of those decisions pre-dated the United States Supreme Court's ruling in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), a decision which significantly restricted a trend in many lower courts' applying the Rooker-Feldman doctrine to cases where the district court actually had jurisdiction, but where traditional issue or claim preclusion principles might bar re-litigation of the same issues which were litigated in a related state court action.  The two decisions cited by Liberty Mutual which post-date Exxon Mobil are Williams v. Liberty Mutual Insurance Co., 2005 WL 776170 (5th Cir. April 7, 2005)(unreported) and Juricko v. Allison, 2006 WL 2927304 (E.D. Pa. October 10, 2006)(unreported).  Neither of those decisions

2

persuades the Court that the Report and Recommendation erred in its application of the Rooker-Feldman doctrine to this case.

Williams v. Liberty Mutual Insurance Co. was decided only eight days after Exxon Mobil. Without significant analysis, the court concluded that the plaintiff's claims, which had also been litigated in state court, were "inextricably intertwined" with the merits of the state court decision and therefore a federal court decision would be, in effect, an appellate review of that decision which is not permitted by 28 U.S.C. §1257, the statute which vests exclusive jurisdiction of appeals from state court decisions in the United States Supreme Court. The Williams decision has been cited only once since it was decided, and only in an unreported district court case, and it appears to be inconsistent with Exxon Mobil. In particular, Exxon Mobil explained that when issue preclusion or claim preclusion barred a subsequent suit in federal court after a state court decision had been rendered, Rooker-Feldman was likely inapplicable. Rooker-Feldman applies only where the plaintiff claims to have been directly injured by the way in which the state court case was adjudicated rather than when the plaintiff is merely dissatisfied with the outcome of that case. In Williams, however, the Court of Appeals for the Fifth Circuit indicated that the plaintiff's claims were also subject to dismissal under the doctrine of issue preclusion, a conclusion that is typically inconsistent with Exxon Mobil's limitation on the use of the Rooker-Feldman doctrine.

Juricko v. Allison, even though it was decided in 2006, does not cite Exxon Mobil at all. Rather, it relied upon cases from the Court of Appeals for the Third Circuit such as ITT Corp. v. Intelnet International Corp., 366 F.3d 205 (3rd Cir. 2004) which pre-dated the Supreme Court's Exxon Mobil decision. In fact, it was the Third Circuit's decision in Exxon Mobil which was

3

overruled by the United States Supreme Court because the Third Circuit had, using the "inextricably intertwined" test, expanded the Rooker-Feldman doctrine beyond its original contours. Any case continuing to rely on pre-2005 Third Circuit precedent is therefore inherently suspect. Thus, neither of these decisions is particularly persuasive.

As Exxon Mobil explained, 28 U.S.C. §1257, as interpreted through the Rooker-Feldman doctrine, "does [not] stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in a federal court a matter previously litigated in state court." Exxon Mobil, 544 U.S. at 293. Such re-litigation may be precluded by doctrines of issue or claim preclusion, but not necessarily by Rooker-Feldman. Rather, if independent claims brought by a plaintiff in federal court after the plaintiff has lost a suit in state court have the effect of denying "a legal conclusion of the state court" that "does not lead to divestment of subject matter jurisdiction in the federal courts. Instead, the Supreme Court has instructed that preclusion law is the appropriate solution for these independent claims." McCormick v. Braverman, 451 F.3d 382, 392 (6th Cir. 2006).

That is the situation here. Mr. Tolliver has attempted to bring claims which he did not litigate in the state court proceeding. Whether he should have raised those claims in that case and is therefore barred by the entry of judgment in the state court from pursuing them here is an issue to be determined under the traditional doctrine of *res judicata.* Because he does not claim that the state court decision was entered in error, however, nor does he seek to have this court correct erroneous legal proceedings in that case or reverse the judgment of the state court, this court has jurisdiction to hear his claims. Consequently, because the only ground asserted in Liberty

4

Mutual's motion to dismiss was that Mr. Tolliver's claims are barred by the Rooker-Feldman doctrine, that motion is appropriately overruled.  The overruling is, of course, without prejudice to Liberty Mutual's ability to assert, in an appropriate motion, any issue preclusion or claim preclusion arguments it might have concerning Mr. Tolliver's attempt to re-litigate issues which were or could have been raised in the state courts.

III.

For the foregoing reasons, the objections to the Magistrate Judge's Report and Recommendation (#30) are OVERRULED and the Report and Recommendation is ADOPTED.  Liberty Mutual's motion to dismiss plaintiff's amended complaint (#17) is DENIED.


                                     s/Algenon L. Marbley
                                     Algenon L. Marbley
                                     United States District Judge