IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin A. Tolliver,                :
                                  :
        Plaintiff,                :
                                  :
    v.                            :   Case No. 2:06-cv-00904
                                  :
Liberty Mutual Fire               :   JUDGE MARBLEY
Insurance Company,                :
                                  :   MAGISTRATE JUDGE KEMP
        Defendant.                :

ORDER

This matter is before the Court on a number of discovery motions filed by both parties. Plaintiff Kevin Tolliver has filed a motion to compel discovery (#51) and a motion to compel answers and admissions (#57). Defendant Liberty Mutual Fire Insurance Company has filed a motion requesting a status conference relating to discovery issues (#56) and a motion to compel Mr. Tolliver's videotape deposition (#60). For the following reasons, Mr. Tolliver's motion to compel discovery will be denied, his motion to compel answers and admissions will be granted, the motion requesting a status conference will be denied, and Liberty Mutual's motion to compel Mr. Tolliver's videotape deposition will be granted.

I.

By way of background, Mr. Tolliver is an inmate at the Ross Correctional Institution. However, his claims here do not arise out of his imprisonment. Rather, his claims arise out of a dispute with his insurance company, Liberty Mutual, for its denial of his claim for the value of goods allegedly stolen. In his amended complaint, Mr. Tolliver raises claims of fraud, bad faith, abuse of process, a lack of fair dealing, and malicious prosecution based on various alleged actions by Liberty. Mr.

Tolliver previously sued Liberty Mutual in Ohio state court asserting claims different from those asserted in his amended complaint.

## II.

Turning first to the motion to compel discovery (#51), Mr. Tolliver is seeking a response to two discovery requests. In Request No. 2, Mr. Tolliver seeks transcripts of depositions taken in connection with the state court litigation. In Request No. 4, Mr. Tolliver seeks copies of "written communication between the Defendant (or their proxy) and anyone claiming to be a representative for Plaintiff."

Liberty argues that the motion to compel should be denied for several reasons. With respect to Request No. 2, Liberty asserts that its current counsel is not in possession of the transcripts and the transcripts could be obtained more easily from the court reporter. According to Liberty, its current counsel has requested copies of the state court litigation files from its former counsel, but has not received them. Consequently, Liberty maintains, it does not know whether the files contain any deposition transcripts. Further, Liberty asserts that these deposition transcripts from the previous state court litigation are irrelevant to the claims in this case. With respect to Request No. 4, Liberty argues that it has provided all documents responsive to this request. Finally, Liberty argues that the motion to compel is premature because Mr. Tolliver did not undertake extrajudicial means of resolving the discovery dispute prior to filing his motion to compel.

In reply, Mr. Tolliver asserts that he did attempt extrajudicial means of resolution. Specifically, Mr. Tolliver states that he made three telephone calls to Liberty's counsel which were not accepted, sent a letter to Liberty's counsel to which he received no response, and requested a discovery

conference with the Court on this issue.  Additionally, Mr. Tolliver contends that he submitted a discovery plan to Liberty.

The Court will construe Mr. Tolliver's efforts as his attempt to resolve the discovery dispute through extrajudicial means and will consider the motion to compel on its merits. Liberty has asserted that the information Mr. Tolliver seeks either does not exist or is not currently within its possession. A party cannot be compelled to produce documents which do not exist or which it does not possess or control.  See Williams v. Schueler, 2006 WL 1728123 (E.D. Wis. June 23, 2006); Steil v. Humana Kansas City, Inc., 197 F.R.D. 445 (D.Kan. 2000)(citing Mike v. Dymon, No. Civ. A. 95-2405-EEO, 1996 WL 674007, at *1 (D.Kan. Nov. 14, 1996); Sunbird Air Servs., Inc. v. Beech Aircraft Corp., No. Civ. A. 89-2181-V. 1992 WL 739505, at *3 (D.Kan. Sept. 4, 1992)).  Consequently, the motion to compel will be denied as to Requests for Production Nos. 2 and 4, with the caveat that if Liberty subsequently obtains the transcripts and they are discoverable, they shall be produced promptly.

III.

With respect to his motion to compel admissions and answers (#57), Mr. Tolliver claims that Liberty objected to almost all of the questions and requests on grounds of relevancy and claimed that the discovery requests were unreasonably duplicative. Further, according to Mr. Tolliver, Liberty asserted that it had already provided contact information for the court reporters to enable Mr. Tolliver to order the depositions.

In response, Liberty again asserts that Mr. Tolliver did not attempt extrajudicial means of resolving the dispute with respect to these discovery requests.  Further, Liberty argues that the interrogatories and requests for admissions are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The Court agrees that, with respect to this motion to compel, Mr. Tolliver has not asserted that he undertook any extrajudicial means of resolution. However, the Court finds it reasonable to conclude that the efforts undertaken by Mr. Tolliver with respect to his other motion to compel apply to this motion as well. Consequently, this motion to compel will not be denied on grounds that Mr. Tolliver has failed to exhaust extrajudicial means of resolution.

Initially, the Court notes that Mr. Tolliver has not provided any discovery documents relating to this motion to compel. However, a review of the docket indicates that he did file copies of his discovery requests on May 28, 2008. See #52, #53. Although these filings do not contain Liberty's responses, Mr. Tolliver claims that Liberty objected to "almost all" of the requests on grounds of relevancy and Liberty does not dispute this characterization. In light of this, the Court will consider this motion to compel.

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D.Ohio 1980). Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be

'speculative' at best." <u>Coleman v. American Red Cross</u>, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation so long as the issues pertain to the parties' claims or defenses. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340 (1978). On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request. <u>See Herbert v. Lando</u>, 441 U.S. 153 (1979). Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. <u>See</u> Fed.R.Civ.P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." <u>Id</u>.

The sole basis for Liberty's claim that the requested discovery is not relevant is its belief that these requests do

not relate to Mr. Tolliver's claims in this case but instead relate solely to the previous state court litigation. Significantly, the connection between this litigation and the prior state court litigation has been raised previously by Liberty. In its motion to dismiss, Liberty claimed that the Rooker-Feldman doctrine barred the present suit because the claims here are "inextricably intertwined" with the state court claims. The Court denied Liberty's motion to dismiss, holding that Mr. Tolliver has not claimed an injury resulting from the state court decision and, therefore, this case falls outside the scope of the Rooker-Feldman doctrine. As noted by the Court, the Rooker-Feldman doctrine does not bar Mr. Tolliver's suit, even if the claims are "inextricably intertwined" as Liberty argued. Further, as explained previously by the Court, the claims of malicious prosecution, refusal to cooperate, and fraud that Mr. Tolliver is pursuing here are injuries claimed as a result of Liberty's actions in the underlying state action.

In light of Liberty's recognition of the connection between the two proceedings, the Court finds Liberty's blanket relevancy objection to be unavailing. That is, given the nature of these two actions, and the fact that Mr. Tolliver's current claims relate to Liberty's conduct in the underlying action, the Court cannot conclude that any discovery requests which might relate to the issues raised in the underlying action are not also relevant here. Consequently, based on the record as it currently stands, the motion to compel admissions and answers will be granted.

IV.

Turning to Liberty's motion to compel the videotape deposition of Mr. Tolliver, Liberty states that it arranged, with assistance from the warden's office at Ross, for the deposition to be held on July 23, 2008. Liberty asserts that it provided timely notice to Mr. Tolliver which indicated that the deposition

6

would be taken by stenographic and videographic means.  Liberty states that this method of recording was discussed with the warden's office.  According to Liberty, on July 22, 2008, its counsel was informed by a staff member in the warden's office that Mr. Tolliver did not want to attend the deposition if it was videotaped but that he would attend if it was not.  Liberty contends that Fed.R.Civ.P. 30 allows depositions to be videotaped but does not require the party to be deposed to agree to the method of recording.  In light of this, Liberty seeks to compel Mr. Tolliver's appearance at a videotape deposition and states that the warden's office will not schedule the deposition without a Court order.

Mr. Tolliver, on the other hand, raises a number of objections to being deposed both in his responsive filing and in a separately filed document (#62) which he has incorporated by reference into his response.  For example, Mr. Tolliver claims that Liberty failed to seek leave of Court as required by Fed.R.Civ.P. 30 before scheduling his deposition, his deposition will require him to take more than ten depositions, he received insufficient notice, and he was not given the opportunity to review deposition testimony from the prior state court action in advance of his scheduled deposition.  With respect to the videotaping of the deposition, Mr. Tolliver claims that this form of recording will be prejudicial to him because he would be appearing in a prison uniform and he would be unable to possess a copy of the videotape in prison.  Mr. Tolliver requests that the motion to compel be stricken as premature and unnecessary because his deposition was improperly scheduled.

In response to Mr. Tolliver's request to strike the motion to compel, Liberty contends that a court order was not required unless Mr. Tolliver refused to attend a deposition and, now that he has, granting the motion to compel will serve as such an

order.  With respect to Mr. Tolliver's other objections, Liberty asserts that none of these objections is valid and should be overruled.

Mr. Tolliver is correct that the deposition of a person confined in prison may not be taken without leave of Court. Fed.R.Civ.P. 30(a)(2)(B).  Thus, he properly objected to the deposition on that ground.  The Court will consider Liberty's motion as a request for leave, however, and will also consider the other issues raised by the motion and response.

Fed.R.Civ.P. 30(b)(3) specifically permits depositions to be recorded by non-stenographic means, unless a court orders otherwise.  This rule "confers on the party taking the deposition the choice of the method of recording...."  Advisory Committee Notes to the 1993 Amendment to Rule 30(b).  Under the rule, a party has no burden to justify the decision to videotape a deposition.  See Flaherty v. Seroussi, 209 F.R.D. 295 (N.D.N.Y. 2001); Wilson v. Olathe Bank, 184 F.R.D. 395 (D. Kan. 1999). However, objections to the non-stenographic recording "when warranted by the circumstances," may be presented to the court under Fed.R.Civ.P. 26(c).  See Advisory Committee Notes.

Here, Mr. Tolliver has raised various objections to the videotaping of his deposition, including his belief that he will be prejudiced if required to be videotaped wearing his prison uniform.  The Court agrees that, given that his claims are unrelated to his current incarceration, Mr. Tolliver should be afforded some protection under Fed.R.Civ.P. 26(c).  However, the Court sees no need to prohibit Liberty from videotaping the deposition.  Rather, the Court will allow Liberty the following options for videotaping Mr. Tolliver's deposition.  First, Liberty may proceed with Mr. Tolliver appearing in his prison uniform with the understanding that the Court reserves the right to prohibit the use of the deposition at trial in the event of

demonstrated prejudice to Mr. Tolliver. Alternatively, Liberty may make arrangements with the prison's administration for Mr. Tolliver to appear for the deposition wearing clothes other than his prison uniform. Consequently, Liberty's motion to compel Mr. Tolliver's videotape deposition will be granted to the extent that Liberty elects one of these options.

V.

Finally, with respect to Liberty's motion for a discovery status conference, in light of the issues addressed in this order, the Court will deny this motion as moot.

VI.

Based on the foregoing, the motion to compel (#51) is denied, the motion to compel answers and admissions (#57) is granted, the motion to compel the videotape deposition (#60) is granted as set forth above, and the motion for a status conference relating to discovery issues (#56) is denied as moot. Liberty shall provide the information requested by #57 within 15 days. Further, leave of Court is given to depose Mr. Tolliver. Should he be deposed in prison clothing, the Court reserves the right to exclude the video deposition at trial (but not any written transcript, unless other reasons for such exclusion may exist).

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or

contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                    /s/ Terence P. Kemp            
                                    United States Magistrate Judge