IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN A. TOLLIVER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:06-CV-904 |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Kemp |
| LIBERTY MUTUAL FIRE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion for Summary Judgment (Doc. 79). For the reasons set forth below Liberty Mutual's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

### II. BACKGROUND

#### A. FACTUAL BACKGROUND

Plaintiff, Kevin A. Tolliver's ("Tolliver") claims arise out of an insurance policy purchased by him and his mother, Evelyn Tolliver-Pulphus ("Pulphus"), and issued by Liberty Mutual.

In the fall of 1999, Tolliver began dating Claire Schneider ("Schneider"). On October 31, 2000, Tolliver and Pulphus bought a home at 1241 Hamlet Street, Columbus, Ohio 43201 (the "Hamlet Street Residence"). Tolliver and Pulphus held title to the Hamlet Street Residence together. On December 12, 2000, Tolliver entered into an insurance contract with Liberty Mutual, Policy Number H32-288-909536-001-5, for the Hamlet Street Residence (the "Insurance

Policy") in the names of Kevin A. Tolliver and Evelyn Tolliver-Pulphus. The Insurance Policy included a deluxe homeowner's policy and also covered certain personal property.[1]

In September, 2001 Tolliver and Schneider began spending time together in Schneider's apartment, which was located at 100 North Street (the "North Street Residence"). During this time the Hamlet Street Residence was undergoing remodeling. Tolliver and Scnhneider had planned to move out of the North Street Residence and into the Hamlet Street Residence.

On December 29, 2001, prior to Tolliver and Schneider's relocation from the North Street Residence to the Hamlet Street Residence, Schneider died. After a three week trial, Tolliver was convicted of murdering Schneider with a firearm specification. A jury in Franklin County found that Tolliver had killed Schneider by shooting her in the face at close range. Tolliver was sentenced to a term of 15 years to life on the murder charge, with an additional three year period of incarceration on the firearm specification. Tolliver's criminal appeals were denied and Tolliver is currently an inmate at the Ross Correctional Institution in Chillicothe, Ohio.

Tolliver alleges that at some point during his arrest and incarceration for Schneider's murder his belongings were stolen from the North Street Residence. Believing that these belongings were covered under an insurance policy issued by Liberty Mutual, Tolliver presented

---

[1] Regarding coverage of personal property, the Insurance Policy reads:
We cover personal property owned or used by an "insured" while it is anywhere in the world. At your request, we will cover personal property owned by:
1. Others while the property is on the part of "residence premises" occupied by an "insured"
2. A guest or a "residence employee," while the property is in any residence occupied by an "insured."
Our limit of liability
(Compl. Ex. A Insurance Policy p. 2)

a claim to Liberty Mutual for the value of the goods allegedly stolen. Liberty Mutual denied Tolliver's claim because Tolliver had allegedly misrepresented where he actually lived. Tolliver asserts that Liberty Mutual's denial of his claim for personal property was related to a previous claim paid out by Liberty Mutual under the Insurance Policy for watercrafts, the amount of which exceeded all premiums that had been collected on the policy.

### B. PROCEDURAL BACKGROUND

#### 1. State Court Proceedings

On February 14, 2003, Tolliver brought a complaint against Liberty Mutual in the Franklin County Court of Common Pleas. Tolliver brought two claims against Liberty Mutual, claiming: (1) breach of contract; and (2) breach of implied covenant of good faith and fair dealing. Tolliver's claims arose out of Liberty Mutual's denial of his claim for loss of personal property under the Insurance Policy.

During the discovery stage of state court litigation, Tolliver sought copies of Liberty Mutual's deposition transcripts. Tolliver then filed two Motions to Compel, asking that the state court order Liberty Mutual to provide the documents. The state court eventually set the case for trial.

On January 23, 2004, approximately one month before the state trial date, Tolliver filed a motion asking that the court order the Ohio Department of Rehabilitation and Correction to transport him from Ross Correctional Institution to the courthouse for the pre-trial and trial. The state trial court denied Tolliver's motion.

On February 25, 2004, the state trial court called Tolliver's case for trial, and Tolliver failed to appear. The state trial court rendered a verdict for Liberty Mutual because of Tolliver's

failure to prosecute his claim. On March 3, 2004, Tolliver filed a notice of appeal regarding the state trial court's denial of his motion for transportation to attend his trial. On November 30, 2004, the state appellate court affirmed the state trial court's decision regarding Tolliver's motion for transportation.

On November 29, 2004, Tolliver filed a notice of appeal from the state trial court's March 5, 2004 order, which dismissed his claim. Tolliver asserted that the state trial court erred in: (1) not granting his motion to vacate its judgment under Rule 60(b); and (2) failing to hold an evidentiary hearing on his motion to vacate. On May 16, 2006, the state appellate court affirmed the state trial court's decision. Specifically, the state appellate court: (1) found that Tolliver's absence at trial was not excusable neglect; and (2) refused to sanction Liberty Mutual for failing to provide Tolliver with certain requested discovery documents.

On October 4, 2006, the Ohio Supreme Court declined to hear Tolliver's appeal of the state appellate court decision.

**2. Federal Court Proceedings**

On October 26, 2006, Tolliver filed a complaint in federal court against Liberty Mutual seeking a declaratory judgment that Liberty Mutual committed fraud in the state court litigation. On December 11, 2006, Judge Smith issued an order adopting the recommendations of Magistrate Judge Abel that Tolliver's complaint be dismissed. Judge Smith held that Tolliver's claim against Liberty Mutual was barred by res judicata.

Also on October 26, 2006, Tolliver filed the complaint in this case alleging that Liberty Mutual: (1) acted fraudulently and in bad faith in making statements to the Ohio Department of Insurance; (2) acted fraudulently and in bad faith in failing to turn over certain documents; and

(3) continued frivolously and maliciously to litigate after discovering the erroneous nature of their denial of Tolliver's insurance claim.

On December 5, 2006, Liberty Mutual moved to dismiss Tolliver's Complaint. On January 12, 2007, Tolliver filed an Amended Complaint. On January 30, 2007, Liberty Mutual moved to dismiss Tolliver's Amended Complaint, arguing that Tolliver's claims already adjudicated in state court, and thus were barred under the Rooker-Feldman doctrine. On April 12, 2007, Magistrate Judge Kemp issued a Report and Recommendation that Liberty Mutual's Motion to Dismiss be denied. Specifically, Magistrate Judge Kemp found that Tolliver's "claims are not injuries from the state court decision itself. Instead they are injuries claimed as a result of Liberty Mutual's conduct in the prior lawsuit." (Doc. 27 Report and Recommendation p. 8.) On August 13, 2007, after reviewing the Parties' objections, this Court entered an Order Adopting the Report and Recommendations.

On December 17, 2007, Liberty Mutual again moved to dismiss Tolliver's Amended Complaint, arguing that Tolliver's claims were already adjudicated in state court, and thus were barred under the doctrine of res judicata. On 2007, Tolliver moved to strike Liberty Mutual's motion to dismiss. On February 25, 2008, this Court entered an Order granting Tolliver's motion to strike Liberty Mutual's Motion to Dismiss. This Court held that Liberty Mutual had filed its motion to dismiss without waiting for this Court to determine whether it would be allowed to so move in response to Tolliver's Amended Complaint. (See Doc. 40 Order, p. 3-4.)

On May 29, 2009, Liberty Mutual filed the Motion for Summary Judgment now before this Court.

## III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). But the non-moving party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P.56(e)(2); *see Celotex*, 477 U.S. at 324; *Search v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV. LAW AND ANALYSIS

Liberty Mutual argues that Tolliver's claims were previously litigated in state court and are barred by the doctrine of res judicata.

Res judicata "[i]n its general sense... refers to the preclusive effects of former proceedings." *Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985). The doctrine of res judicata includes both claim and issue preclusion. *Id.* "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a

determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). Collateral estoppel, or issue preclusion, bars the relitigation of a matter that was actually previously litigated and decided. *Id.*

In evaluating whether to give preclusive effect to the prior decisions of the Ohio state courts in this case, this Court must look to Ohio law. 28 U.S.C.S. § 1738; *Knott v. Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005); *In Re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit. " (emphasis *sic*) *Grava v. Parkman Township*, 653 N.E.2d 22, 229 (Ohio 1995)(quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986)). Thus Ohio law requires that a plaintiff "present every ground for relief in the first action, or be forever barred from asserting it." *Id.*

Under Ohio law, the doctrine of res judicata has four elements: "(1) that the instant action involves the same two parties; (2) that the instant action arose out of the same transaction or occurrence that was the subject of earlier actions; (3) that the instant action could have been asserted in at least one of those previous actions; and (4) that there was a final decision on the prior action by a court of competent jurisdiction." *Apseloff v. Family Dollar Stores, Inc.*, 2006 WL 1881283 (S.D. Ohio 2006) (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1999) (per curiam)); *In Re Fordu*, 201 F.3d 693, 703-704 (6th Cir. 1999); *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Liberty Mutual argues that each of the four elements has been met in this case.

### 1. Involvement of the Same Parties

Liberty Mutual argues that this current federal action involves the same parties or their privies as the previous state court litigation. Under Ohio law, "in order for the principle of res judicata to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them." *Johnson's Island, Inc. v. Bd. of Tp. Trs. of Danbury Tp.*, 431 N.E. 2d 672, 674-75 (Ohio 1982). The Sixth Circuit has defined a privy as either: (1) a successor in interest; (2) a nonparty who controlled the original suit; or (3) a nonparty who is adequately represented by a party in the original suit. *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999). For privity to exist between parties in the res judicata context, there must be a "mutuality of interest, including an identity of a desired result." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (internal citations omitted) ("An interest in the result of and active participation in the original lawsuit may also establish privity."). In the state court litigation, Tolliver brought suit against Liberty Mutual Group, the parent company of Liberty Mutual. Here, Liberty Mutual argues that it is in privity with the Liberty Mutual Group such that this element is met. This Court finds that Liberty Mutual and the Liberty Mutual Group share the same interests and desire the same result in this current litigation. This requirement for res judicata is met for all claims made in Tolliver's Amended Complaint.

### 2. Same Transaction or Occurrence

Liberty Mutual asserts that Tolliver's Amended Complaint "arises out of the same transaction or occurrence that was the subject matter of [Tolliver's] state claim. (Doc. 79. Def. Mot. For Summ. Judg. p. 15.) Tolliver argues that his current claims relate to Liberty Mutual's

conduct during the state court litigation, and that his current claims are separate and distinct from the breach of contract claims at issue in state court.

The Ohio Supreme Court has defined transaction "as a 'common nucleus of operative facts.'" *Grava*, 653 N.E.2d at 229. The relevant inquiry for this Court is not whether Tolliver's current claims arose out of the litigation in the Ohio state courts. Instead, this Court must determine whether the current suit shares a common nucleus of operative facts with the previous litigation.

Here, Tolliver's claims are for fraud and malicious prosecution relating to Liberty Mutual's conduct. (*See* Doc. 71 Amended Compl.) The previous state court litigation related to the requirements of the Insurance Policy with Liberty Mutual and Liberty Mutual's denial of Tolliver's claims under that policy. The current federal court suit concerns Liberty Mutual's conduct during the state court litigation. Admittedly, if Liberty Mutual had not denied Tolliver's insurance claims, this federal suit would not exist.

The Sixth Circuit has stated that "the Supreme Court has instructed that preclusion law is the appropriate solution for these independent claims...[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case...then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *McCormick v. Braverman*, 451 f. 3d 382, 392-93 (6th Cir. 2006) (citing *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1527 (2005) (internal citations omitted). Further, where there is a lawsuit to adjudicate claims under an insurance policy and then a later lawsuit for damages concerning the insurer's actions during the adjudication of the insurance claim, the Sixth Circuit has found that this element of claim

preclusion is satisfied. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F. 3d 521, 528 (6th Cir. 2006) (citing *Hamilton v. State Farm Fire & Cas. Ins. Co.*, No. 96-4141,1997 U.S. App. LEXIS 30065 (6th Cir. 1997) ("the causes of action all arose from the insurance policy issued to plaintiff by defendant, the fire which destroyed the plaintiff's home and defendant's nonpayment of the proceeds under the policy.")). In previous cases, however, the Sixth Circuit has noted "all of the asserted causes of action stemmed from Liberty Mutual's actions occurring *before* the first suit was filed." *Rawe*, 462 F. 3d at 528 ("Rawe's allegations of bad faith based upon Liberty Mutual's alleged actions predating the filing of Rawe's first suit do not arise 'from entirely separate and discrete events and wrongful acts by" Liberty Mutual than those asserted in her first... suit.'") (emphasis in original);.

To the extent that Tolliver's Amended Complaint alleges causes of action stemming from Liberty Mutual's actions before his state suit was decided, Liberty Mutual will be entitled to summary judgment on those causes of action. This principle is applicable to Count One of Tolliver's Amended Counterclaim, pertaining to alleged false statements made by Liberty Mutual to the Ohio Department of Insurance in February of 2003, before the state lawsuit was filed. This principle will not bar litigation of Counts Two and Three of Tolliver's Amended Counterclaim, which relate to Liberty Mutual's conduct after the state court litigation was filed. Therefore, as to Counts Two and Three of Tolliver's Amended Counterclaim, this prong is not met.

### 3. Claims that Could Have Been Litigated in the First Action

Liberty Mutual asserts that Tolliver's Amended Complaint raises issues that "were or could have been litigated in the state claim."(Doc. 79. Def. Mot. For Summ. Judg. p. 13.)

Specifically, Liberty Mutual alleges that Tolliver attempted to raise the claims present in this case to the state court on appeal.

"Under Ohio res judicata doctrine, the question is not what claims Plaintiffs opted to include ... but what claims they could have included." *Trafalgar Corp. v. Miami County Bd. of County Comm'Rs*, 2006 U.S. Dist. LEXIS 14574, 25-26 (D. Ohio 2006). The Sixth Circuit has explicitly rejected the argument that claims based on a defendant's conduct after filing of the initial action could have been litigated because the plaintiff could have amended the complaint. *Rawe*, 462 F. 3d at 530 ("we follow the majority rule articulated by the Wright and Miller treatise 'that an action need include only the portions of the claim due at the time of commencing that action,' because 'the opportunity to file a supplemental complaint is not an obligation.'"); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) ("[W]e agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed."); *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) ("[W]e do not believe that the res judicata preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation."); *Spiegel v. Continental Ill. Nat'l Bank*, 790 F.2d 638, 646 (7th Cir. 1986) (holding that res judicata does not bar new action based on alleged acts occurring after the filing of the first law suit).

Tolliver attempted to raise his fraud and malicious prosecution claims on appeal and the state appellate court refused to address or to rule on those claims. The state appellate court stated:

> Tolliver cannot show that the March 5, 2005 judgment is rendered imperfect, or is otherwise impacted, by the alleged fraud in the discovery process or Liberty

> Mutual's use of certain documents to support its summary judgment motion. The March 5, 2004 judgement was based upon Tolliver's failure to prosecute, and the alleged fraud in no way impugns a judgment reached on that basis. Therefore, Tolliver is not entitled to relief under Civ. R. 60(B)(3) or (5) for fraud.

*Toliver v. Liberty Mut. Group*, No. 05AP-753, 2006 Ohio App. LEXIS 2289, *14 (Ohio Ct. App., Franklin County May 16, 2006).

While Tolliver, attempted to raise the fraud and malicious prosecution issues on appeal, the state appellate court declined to rule upon them. Further, under precedent from this circuit, Tolliver was not required to raise Counts Two and Three of his Amended Complaint in state court because Liberty Mutual's alleged improper conduct had not occurred when the state court complaint was filed. *Rawe*, 462 F. 3d at 530. Therefore, for Counts Two and Three of Tolliver's Amended Complaint this prong of the test for res judicata is not met. The conduct alleged in Count One of Tolliver's Amended Complaint occurred prior to Tolliver's initiation of his state court suit. Thus, under Ohio law, this prong of the test for res judicata is met for Count One of Tolliver's Amended Complaint.

### 4. Prior Final, Valid Decision on the Merits

Liberty Mutual argues that the state trial court's grant of default judgment to Liberty Mutual was a final, valid decision on the merits. Under Ohio law, a dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Ohio Civ. R. 41(B)(3). There has been a final, valid decision on the merits on the claims brought by Tolliver in the state court litigation. As to Counts Two and Three of Tolliver's Amended Complaint, which Tolliver was not required to bring in the state court litigation, there has not been a final decision on the merits. The state appellate court specifically refused to rule upon those issues when they were raised on appeal. *Toliver v. Liberty Mut.*

*Group*, No. 05AP-753, 2006 Ohio App. LEXIS 2289, *14 (Ohio Ct. App., Franklin County May 16, 2006).

## V. CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Tolliver could have and should have raised Count One of his Amended Complaint, concerning fraudulent state by Liberty Mutual in the state court litigation. Liberty Mutual is **GRANTED** summary judgment as to Count One of the Amended Complaint. Tolliver was not required to raise Counts Two and Three of his Amended Complaint in the state court litigation, relating to the alleged fraud, misconduct, and malicious prosecution by Liberty Mutual, as that conduct had not occurred when the state court litigation was initiated. Liberty Mutual has not satisfied the standard for res judicata as to these two counts. Therefore, Liberty Mutual is **DENIED** summary judgment as to Counts Two and Three of the Amended Complaint.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT**

**Dated: January 11, 2010**