# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN A. TOLLIVER, : | |
| : | |
| Plaintiff, : | Case No. 2:06-CV-904 |
| : | JUDGE MARBLEY |
| vs. : | |
| : | |
| LIBERTY MUTUAL FIRE : | |
| INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Liberty Mutual Fire Company's ("Liberty Mutual") Motion for Reconsideration and Request for Oral Argument (Doc. 88). On January 11, 2010, this Court entered an Order granting in part and denying in part Liberty Mutual's Motion for Summary Judgment. For the reasons stated below, Liberty Mutual's Motion for Reconsideration and Request for Oral Argument is **DENIED**.

### II. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff, Kevin A. Tolliver's ("Tolliver") claims arise out of an insurance policy purchased by him and his mother, Evelyn Tolliver-Pulphus ("Pulphus"), and issued by Liberty Mutual.

In the fall of 1999, Tolliver began dating Claire Schneider ("Schneider"). On October 31, 2000, Tolliver and Pulphus bought a home at 1241 Hamlet Street, Columbus, Ohio 43201 (the "Hamlet Street Residence"). Tolliver and Pulphus held title to the Hamlet Street Residence together. On December 12, 2000, Tolliver entered into an insurance contract with Liberty Mutual, Policy Number H32-288-909536-001-5, for the Hamlet Street Residence (the "Insurance

Policy") in the names of Kevin A. Tolliver and Evelyn Tolliver-Pulphus. The Insurance Policy included a deluxe homeowner's policy and also covered certain personal property.

In September, 2001, Tolliver and Schneider began spending time together in Schneider's apartment, which was located at 100 North Street (the "North Street Residence"). During this time the Hamlet Street Residence was undergoing remodeling. Tolliver and Scnhneider had planned to move out of the North Street Residence and into the Hamlet Street Residence.

On December 29, 2001, prior to Tolliver and Schneider's relocation from the North Street Residence to the Hamlet Street Residence, Schneider died. After a three week trial, Tolliver was convicted of murdering Schneider with a firearm specification. A jury in Franklin County found that Tolliver had killed Schneider by shooting her in the face at close range. Tolliver was sentenced to a term of 15 years to life on the murder charge, with an additional three year period of incarceration on the firearm specification. Tolliver's criminal appeals were denied and Tolliver is currently an inmate at the Ross Correctional Institution in Chillicothe, Ohio.

Tolliver alleges that at some point during his arrest and incarceration for Schneider's murder his belongings were stolen from the North Street Residence. Believing that these belongings were covered under an insurance policy issued by Liberty Mutual, Tolliver presented a claim to Liberty Mutual for the value of the goods allegedly stolen. Liberty Mutual denied Tolliver's claim because Tolliver had allegedly misrepresented where he actually lived. Tolliver asserts that Liberty Mutual's denial of his claim for personal property was related to a previous claim paid out by Liberty Mutual under the Insurance Policy for watercrafts, the amount of which exceeded all premiums that had been collected on the policy.

## B. PROCEDURAL BACKGROUND

### 1. State Court Proceedings

On February 14, 2003, Tolliver brought a complaint against Liberty Mutual in the Franklin County Court of Common Pleas. Tolliver brought two claims against Liberty Mutual, claiming: (1) breach of contract; and (2) breach of implied covenant of good faith and fair dealing. Tolliver's claims arose out of Liberty Mutual's denial of his claim for loss of personal property under the Insurance Policy.

During the discovery stage of state court litigation, Tolliver sought copies of Liberty Mutual's deposition transcripts. Tolliver then filed two Motions to Compel, asking that the state court order Liberty Mutual to provide the documents. The state court eventually set the case for trial.

On January 23, 2004, approximately one month before the state trial date, Tolliver filed a motion asking that the state trial court order the Ohio Department of Rehabilitation and Correction to transport him from Ross Correctional Institution to the courthouse for the pre-trial and trial. The state trial court denied Tolliver's motion.

On February 25, 2004, the state trial court called Tolliver's case for trial, and Tolliver failed to appear. The state trial court rendered a verdict for Liberty Mutual because of Tolliver's failure to prosecute his claim. On March 3, 2004, Tolliver filed a notice of appeal regarding the state trial court's denial of his motion for transportation to attend his trial. On November 30, 2004, the state appellate court affirmed the state trial court's decision regarding Tolliver's motion for transportation.

On November 29, 2004, Tolliver filed a notice of appeal from the state trial court's March 5, 2004 order, which dismissed his claim. Tolliver asserted that the state trial court erred

in: (1) not granting his motion to vacate its judgment under Rule 60(b); and (2) failing to hold an evidentiary hearing on his motion to vacate. On May 16, 2006, the state appellate court affirmed the state trial court's decision. Specifically, the state appellate court: (1) found that Tolliver's absence at trial was not excusable neglect; and (2) refused to sanction Liberty Mutual for failing to provide Tolliver with certain requested discovery documents.

On October 4, 2006, the Ohio Supreme Court declined to hear Tolliver's appeal of the state appellate court decision.

## 2. Federal Court Proceedings

On October 26, 2006, Tolliver filed a complaint in federal court against Liberty Mutual seeking a declaratory judgment that Liberty Mutual committed fraud in the state court litigation. On December 11, 2006, Judge Smith issued an order adopting the recommendations of Magistrate Judge Abel that Tolliver's complaint be dismissed. Judge Smith held that Tolliver's claim against Liberty Mutual was barred by res judicata.

Also on October 26, 2006, Tolliver filed the complaint in this case alleging that Liberty Mutual: (1) acted fraudulently and in bad faith in making statements to the Ohio Department of Insurance; (2) acted fraudulently and in bad faith in failing to turn over certain documents; and (3) continued frivolously and maliciously to litigate after discovering the erroneous nature of their denial of Tolliver's insurance claim.

On December 5, 2006, Liberty Mutual moved to dismiss Tolliver's Complaint. On January 12, 2007, Tolliver filed an Amended Complaint. On January 30, 2007, Liberty Mutual moved to dismiss Tolliver's Amended Complaint, arguing that Tolliver's claims already adjudicated in state court, and thus were barred under the Rooker-Feldman doctrine. On April 12, 2007, Magistrate Judge Kemp issued a Report and Recommendation that Liberty Mutual's

Motion to Dismiss be denied. Specifically, Magistrate Judge Kemp found that Tolliver's "claims are not injuries from the state court decision itself. Instead they are injuries claimed as a result of Liberty Mutual's conduct in the prior lawsuit." (Doc. 27 Report and Recommendation p. 8.) On August 13, 2007, after reviewing the Parties' objections, this Court entered an Order Adopting the Report and Recommendations.

On December 17, 2007, Liberty Mutual again moved to dismiss Tolliver's Amended Complaint, arguing that Tolliver's claims were already adjudicated in state court, and thus were barred under the doctrine of res judicata. On December 31, 2007, Tolliver moved to strike Liberty Mutual's motion to dismiss. On February 25, 2008, this Court entered an Order granting Tolliver's motion to strike Liberty Mutual's Motion to Dismiss. This Court held that Liberty Mutual had filed its motion to dismiss without waiting for this Court to determine whether it would be allowed to so move in response to Tolliver's Amended Complaint. (See Doc. 40 Order, p. 3-4.)

On May 29, 2009, Liberty Mutual filed a Motion for Summary Judgment arguing that Tolliver's claims against Liberty Mutual were already adjudicated in state court and thus were barred under the doctrine of res judicata. On January 11, 2010, this Court entered an Order granting in part and denying in part Liberty Mutual's motion for summary judgment. This Court held that Tolliver could have and should have raised Count One of his Amended Complaint concerning fraud and malicious prosecution by Liberty Mutual in his state court suit. Since Tolliver failed to do so, Liberty Mutual was entitled to summary judgment as to Count One of the Amended Complaint. (Doc. 86 Order and Opinion, p. 9-10, 13.) This Court further held that as to Counts Two and Three of Tolliver's Amended Complaint, alleging fraud, misconduct, and malicious prosecution by Liberty Mutual, there had not been a final decision on the merits.

Therefore, this Court denied Liberty Mutual's Motion for Summary Judgment as to Counts Two and Three of the Amended Complaint. (Doc. 86 Order and Opinion, p. 13.)

On January 27, 2010, Liberty Mutual filed the Motion for Reconsideration and Request for Oral Argument now before this Court.

## III. STANDARD OF REVIEW

### A. MOTION FOR RECONSIDERATION

The Federal Civil Rules do not expressly provide for "Motions for Reconsideration." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.2004). Nevertheless, a motion for reconsideration is often treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *Dualite Sales & Service, Inc. v. Moran Foods, Inc.*, No. 1:04-CV-13, 2005 WL 2372847, at *1 (S.D. Ohio Sept 26, 2005). Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Toft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D.Ohio Mar.15, 2006). While Rule 59(e) specifically addresses altering or amending a judgment, "[t]he Sixth Circuit . . . has held that when there is no final judgment . . . a district court is free to reconsider or reverse its decisions at any time prior to the entry of final judgment." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, 2009 U.S. Dist. LEXIS 120011 at *6 (S.D. Ohio 2009) (citing *Russell v. GTE Government Systems Corp.*, 141 Fed.App'x 429, 434 (6th Cir. 2005)).

### B. ORAL ARGUMENT

Liberty Mutual has requested oral argument on its motion. Oral argument is necessary only if the Court deems it essential to the fair resolution of the case. "[I]f oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented, counsel may apply to the Court for argument . . . If the Court determines argument or a conference would be helpful, the Court will notify all parties." *Brown v. Columbus Bd. of Educ.*, 638 F.Supp.2d 856, 861 (S.D. Ohio 2009) (citing S.D. Ohio Civ. R. 7.1(b)(2)). Oral argument ordinarily will be allowed unless the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. 6th Cir. R. 34(j)(2)(C); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008).

### IV. LAW AND ANALYSIS

Motions for Reconsideration are "[g]enerally . . . only warranted when there is . . . a need to correct a clear error or prevent manifest injustice." *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F.Supp.2d 871, 877 (S.D. Ohio 2009) (quoting *Rodriguez*, 89 F. App'x at 959). Moreover, to discourage the filing of endless motions for reconsideration and in the interest of "grant[ing] some measure of finality even to interlocutory orders . . . courts should grant motions for reconsideration sparingly" and "only if the prior decision appears clearly to be legally or factually erroneous." *King Lincoln*, 2009 U.S. Dist. LEXIS 120011 at *4.

Here, Liberty Mutual does not assert any change in controlling law or new evidence in support of its Motion for Reconsideration of this Court's January 11, 2010

Order. Instead, Liberty Mutual argues that this Court committed a clear error in denying its Motion for Summary Judgment regarding Counts Two and Three of Tolliver's Amended Complaint. Liberty Mutual asserts that: (1) "the state appellate court expressly ruled in Liberty Mutual's favor . . . holding . . .[n]othing in Liberty Mutual's conduct before this court requires sanctioning;" (2) contrary to this Court's finding that "the state appellate court declined to rule upon" the conduct alleged in Counts Two and Three, "the appellate absolutely did rule on the issues;" and (3) "[t]he claims in Counts Two and Three of Plaintiff's Amended Complaint . . . were the subject of a final decision in the prior action by a court of competent jurisdiction." (Doc. 88 Mot. for Reconsideration, p. 2-3.)

The single issue before the state appellate court was the judgment against Tolliver for his failure to prosecute. The court's ruling, which only addressed Tolliver's failure to prosecute, stated:

> Tolliver cannot show that the March 5, 2005 judgment is rendered imperfect, **or is otherwise impacted, by the alleged fraud** in the discovery process or Liberty Mutual's use of certain documents to support its summary judgment motion. **The March 5, 2004 judgment was based upon Tolliver's failure to prosecute, and the fraud in no way impugns a judgment reached on that basis**. Therefore Tolliver is not entitled to relief under Civ. R. 60(B)(3) or (5) for fraud.

*Tolliver v. Liberty Mut. Group*, No. 05AP-753, 2006 Ohio App. LEXIS 2289, **14-16 (Ohio Ct. App., Franklin County May 16, 2006) (emphasis added).

The state appellate court's ruling did not reach the merits of the conduct alleged in Counts Two and Three of Tolliver's Amended Complaint. The state appellate court only referenced Tolliver's fraud and malicious prosecution claims as a means of distinguishing them from the underlying reason for the March 5, 2004 judgment entered against Tolliver, which was his failure to prosecute. *Id.* In its ruling, the state appellate court expressly stated that a fraud

claim could in no way impact, and was wholly inconsistent with, a judgment based on a failure to prosecute. *Id.* However, the state appellate court concluded its evaluation at that point and declined to rule on whether the claims alleged in Counts Two and Three were with or without merit. *Id.* The state appellate court's conclusion that "[n]othing in Liberty Mutual's conduct before this court requires sanctioning," is consistent with the court's determination that "disputed discovery documents" "in no way impugn a judgment" based on a "failure to prosecute." *Id.* The substantive issues of Counts Two and Three were raised by the state appellate court only to highlight Tolliver's improper conflation of these claims with his Rule 60(B) requests for relief regarding the judgment for failure to prosecute entered against him. *Id.* Thus, the state appellate court did not enter a final decision on the merits of Counts Two and Three of Tolliver's Amended Complaint and therefore, this Court committed no clear legal or factual error in denying Liberty Mutual's Motion for Summary Judgment.

Furthermore, the facts and legal arguments before the Court on this motion are adequately presented in the briefs and record; therefore, this Court does not deem oral argument "essential to the fair resolution of the case." 6th Cir. R. 34(j)(2)(C); S.D. Ohio Civ. R. 7.1(b)(2).

### V. CONCLUSION

For the reasons set forth above, Liberty Mutual's Motion for Reconsideration and Request for Oral Argument is **DENIED.**

**IT IS SO ORDERED.**

                              **/s/Algenon L. Marbley**
                              **ALGENON L. MARBLEY**
                              **United States District Judge**

**DATE: February 22, 2010**