IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN A. TOLLIVER, | : |
| Plaintiff, | : |
| v. | : Case No. C2:06-cv-904 |
| LIBERTY MUTUAL INSURANCE COMPANY, | : JUDGE ALGENON L. MARBLEY |
| Defendant. | : Magistrate Judge Kemp |

## ORDER

This matter comes before the Court on Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") and Plaintiff Kevin Tolliver's ("Tolliver") cross Motions in Limine and the Plaintiff's Plenary Reply to Defendant's Responses and Motion in Limine. The Defendant has moved to preclude Plaintiff from presenting: (1) any evidence which does not pertain to Liberty Mutual's alleged conduct during the course of the underlying state proceeding, *Kevin Tolliver v. Liberty Mutual Group*, Franklin County Court of Common Pleas, Case No. 03-CVH 20-1759 (the "State Action"); and (2) all witnesses other than those with personal knowledge regarding Liberty Mutual's conduct in the State Action (Doc. 99).

In its Motion in Limine, the Defendant argues that this Court has established that only claims allegedly arising out of Liberty Mutual's *conduct* during the State Action remain at issue for trial. The Defendant, therefore, asks this Court to exclude all testimony and argument regarding: (1) Plaintiff's underlying insurance claim; (2) Liberty Mutual's handling and eventual denial of Plaintiff's underlying insurance claim; (3) Plaintiff's complaint to the Ohio Department

of Insurance; (4) Plaintiff's claims for breach of contract and breach of implied covenant of bad faith and fair dealing; and (5) Plaintiff's prior, unrelated insurance claim that Liberty Mutual paid. This Court finds that because only Liberty Mutual's *conduct* during the State Action is at issue in the upcoming trial, this evidence should be excluded.

This Court also finds, however, that to the extent the Plaintiff seeks to introduce evidence of Liberty Mutual's acts that allegedly correspond to elements of his fraud claim, such acts are "conduct" and admissible. This Court, therefore, will allow the Plaintiff, for the purposes of establishing the elements of his fraud claim, to admit testimony and evidence of: (1) discovery requests he alleges Liberty Mutual ignored; (2) a copy of Claire Schneider's lease, the associated cover letter addressed to the Defendant, the insurance policy, and related testimony; (3) documentation demonstrating Liberty Mutual's alleged intentional, non-disclosing actions; and (4) documentation to establish that Liberty Mutual conducted an investigation before and during the State Action regarding the Plaintiff's insurance claim.

The Plaintiff does not object to the Defendant's proposed limitation that only witnesses with personal knowledge of Liberty Mutual's conduct in the State Action are permitted to testify, and the Defendant does not object to any of the Plaintiff's proposed witnesses. The Defendant's Motion in Limine is, therefore, **GRANTED** in full, but the Court will admit evidence relating to the loss of the previously litigated state claim the Plaintiff requested in his Plenary Reply to the Defendant's Motion to establish elements of the fraud claim.

The Plaintiff has filed a Motion in Limine to exclude: (1) the name, address, and deceased status of Claire Schneider (Doc. 139). In addition to its request to admit evidence relating to the loss in the previously litigated state claim, the Plaintiff asks the Court in his

Plenary Reply: (1) to exclude Tolliver's criminal convictions, the fact that he currently resides at the Ross Correctional Institution ("Ross Correctional"), and the nature of his incarcerated status; (2)) to accept his clarification of the damages sought; and (3) to resolve as fulfilled the outstanding status of Tolliver's May 21, 2008 Motion to Compel and Magistrate Kemp's supporting order from Novermber 17, 2008 (Doc. 140).

The Plaintiff asks the Court to prohibit any evidence identifying Claire Schneider by name, her address, or her deceased status. Evidence of Schneider's name, address, and deceased status is relevant to Liberty Mutual's defense to Tolliver's fraud claim under Federal Rule 401 of the Federal Rules of Evidence. Relevance, however, does not end an admissibility inquiry when evidence presents a risk of unfair prejudice. Pursuant to Rule 403 of the Federal Rules of Evidence, evidence will only be admitted when its probative value outweighs the risk of unfair prejudice. The Court finds that the probative value to Liberty Mutual's defense of identifying Schneider by name, referencing her exact postal address, and mentioning the fact she is deceased outweighs the risk of unfair prejudice. Thus, this evidence is admissible. Mentioning the *circumstances* of Schneider's death, however, is more unfairly prejudicial to Tolliver than probative to Liberty Mutual's defense and is thus inadmissible under Rule 403. Thus, the Plaintiff's Motion in Limine to exclude evidence of Schneider's name, address, and deceased status is **DENIED**, but this Court will not allow admission of any evidence related to the circumstances surrounding Schneider's death.

Further, the Plaintiff requests that the Court exclude evidence of: (1) Tolliver's convictions; (2) the fact that he currently resides at Ross Correctional; and (3) the nature of his incarceration. The Defendant claims that the Plaintiff's conviction and incarceration status are

highly probative and relevant under Rules 401 and 402. The Court, however, must balance this evidence's probative value against the risk of unfair prejudice. Pursuant to Rule 403, the Court excludes all evidence related to Tolliver's convictions because of the risk such evidence will be unfairly prejudicial. The fact that Tolliver was incarcerated during the State Action, however, is highly probative to Liberty Mutual's defense against the fraud claim. Thus, the Court will admit evidence that Tolliver was incarcerated during the State Action. Any evidence regarding Tolliver's incarceration after the State Action and at the present time, however, is excluded under Rule 403.

Though the Plaintiff has requested evidence of his residence at Ross Correctional be excluded, he has included an exhibit and witness in its Amended Exhibit and Witness List that publicize his residence at Ross Correctional. Tolliver's exhibit "P14" is listed as "Financial Records from Ross County Correctional Institution and "Witness 6" is the "Ross County Correctional Institute Financial Records Keeper." To the extent Tolliver intends to utilize either this exhibit or witness at trial, he will have prejudiced himself to the jury and, in such instance, Liberty Mutual is also then free to discuss evidence related to his residence at Ross Correctional at any point of time during or after the State Action. If Tolliver does not use exhibit P14 or call Witness 6, this Court finds that evidence referencing his residence at Ross Correctional during or after the State Action would be more prejudicial than probative and is excluded pursuant to Rule 403. Plaintiff's request to exclude evidence, therefore, is **GRANTED** in part and **DENIED** in part.

Finally, the Plaintiff seeks to clarify its damages request to include the following claims: (1) $100,000 in compensatory damages; (2) $100,000 for abuse of process; and (3) $100,000 in

4

total punitive damages. Defendant Liberty Mutual only contests the $100,000 compensatory damages claim as being too speculative to allow for recovery. This issue, however, is a factual determination for the jury to decide. Thus, the Plaintiff's clarified damages request is **GRANTED**.

Both parties concede that there are no outstanding discovery requests. Thus, the Plaintiff's request to resolve as fulfilled the outstanding status of Tolliver's May 21, 2008 Motion to Compel and Magistrates Kemp's supporting order from November 17, 2008 is **GRANTED**.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: October 14, 2010**