IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN A. TOLLIVER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:06-CV-904 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Abel |
| | : | |
| | : | |
| LIBERTY MUTUAL FIRE INS. CO., | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

### I. INTRODUCTION

This matter is currently before the Court on the Plaintiff Kevin A. Tolliver's ("Tolliver") Motion for Leave to Appeal *In Forma Pauperis* (Doc. 161) and his Motion for New Trial and Request for Judgment as a Matter of Law. (Doc. 163). For the reasons set forth below, the Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* and his Motion for New Trial and Request for Judgment as a Matter of Law are **DISMISSED** as moot.

### II. BACKGROUND

The Plaintiff's claims arise out of an insurance policy purchased by him and his mother. On February 14, 2003, Tolliver brought a complaint against Liberty Mutual in the Franklin County Court of Common Pleas. On February 25, 2004, the state trial court called Tolliver's case for trial, and Tolliver failed to appear. The state trial court rendered a verdict for Liberty Mutual because of Tolliver's failure to prosecute his claim. On November 29, 2004, Tolliver filed a notice of appeal from the state trial court's March 5, 2004 order, which dismissed his

claim. On May 16, 2006, the state appellate court affirmed the state trial court's decision. On October 4, 2006, the Ohio Supreme Court declined to hear Tolliver's appeal of the state appellate court decision.

On October 26, 2006, Tolliver filed the complaint in this case alleging that during the state case, Liberty Mutual: (1) acted fraudulently and in bad faith in making statements to the Ohio Department of Insurance; (2) acted fraudulently and in bad faith in failing to turn over certain documents; and (3) continued frivolously and maliciously to litigate after discovering the erroneous nature of their denial of Tolliver's insurance claim. On October 19, 2010, a jury returned a verdict on this matter in favor of Liberty Mutual. (Doc. 157). On October 20, 2010, the Clerk of Court entered this verdict and judgment in favor of Liberty Mutual. (Doc. 159). On November 18, 2010, the Plaintiff filed a Notice of Appeal. (Doc. 162).  The Plaintiff also filed a Motion for Leave to Appeal *In Forma Pauperis* on November 18, 2010. (Doc. 161). On November 23, 2010, Tolliver filed a Motion for New Trial and Request for Judgment as a Matter of Law. (Doc. 163). On November 24, 2010, Tolliver's appeal was assigned USCA case number 10-4492. On December 8, 2010, Defendant Liberty Mutual filed a Response to the Plaintiff's Motion for New Trial and Request for Judgment as a Matter of Law. (Doc. 164). This matter is currently before the Court.

### III. LAW AND ANALYSIS

The Defendant takes no position regarding the Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*. (Doc. 164, p. 2). The Defendant does argue that the Plaintiff's Motion for New Trial and Request for Judgment as a Matter of Law should be stricken from the record because this Court lacks jurisdiction. (Doc. 164, p. 2-3).

As a general rule, a district court loses and the appellate court assumes jurisdiction over an action once a party files a timely notice of appeal. *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993) (*citing Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981), *cert denied*, 454 U.S. 1152 (1982), *superceded by statute on other grounds in Miller v. Ryder Truck Rental, Inc.*, 198 F.R.D.70 (D. Md. 2000)). A timely appeal is one filed within thirty days after the final judgment. Fed R. App. P. 4(a)(1). The district court, however, retains jurisdiction over an action when: (1) an appeal is untimely; (2) if a party attempts to appeal a non-appealable final order; or (3) if the appeal raises only issues upon which the appellate court has previously ruled. *Id*. at 395 (*citing Rucker v. United States Dept. of Labor*, 798 F.2d 891 (6th Cir. 1986)).

In this case, the Plaintiff filed his Notice of Appeal of the jury verdict on November 18, 2010, which was within the thirty-day time limit. Tolliver's appeal, therefore, was timely filed. Additionally, because the Plaintiff does not currently seek to appeal a non-appealable final order nor has the appellate court previously ruled upon this case, none of the exceptions necessary for the district court to retain jurisdiction after the appeal's filing applies. Thus, pursuant to *Lewis*, jurisdiction over this case is vested in the appellate court upon the Plaintiff's filing of his Notice of Appeal. At that point, this Court no longer had jurisdiction. Consequently, the Plaintiff's motions filed subsequent to his Notice of Appeal, specifically, his Motion for Leave to Appeal *In Forma Pauperis* and his Motion for New Trial and Request for Judgment as a Matter of Law, are, therefore, moot.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 161) and Motion for New Trial and Request for Judgment as a Matter of Law (Doc. 163) are **DISMISSED** as moot.

**IT IS SO ORDERED.**

      s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: February 7, 2011**